WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Cesar Lizarraga-Soto,<br><br>    Defendant. | No. CR-19-00577-001-TUC-CKJ (DTF)<br><br>**ORDER** |

    Before the Court is Defendant Cesar Lizarraga-Soto's Motion to Reduce Sentence or for Early Release – First Step Act (COVID-19) (Doc. 28) and Motion for Relief Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 35). For the reasons that follow, Defendant's motions are denied and this case remains closed.

**PROCEDURAL HISTORY**

    On September 21, 2020, Defendant filed a motion for compassionate release under the First Step Act. (Doc. 28) On October 8, 2020, the Federal Public Defender filed an Amended Motion for Appointment of Counsel Under General Order 20-28 requesting that the Court appoint CJA counsel on Defendant's behalf. (Doc. 30) On October 9, 2020, the Court entered an Order appointing CJA counsel to assist Defendant with his request for compassionate release. (Doc. 31) On December 18, 2020, Defendant filed his Motion for Relief Under 18 U.S.C. § 3582(c)(1)(A)(i) with the assistance of counsel.[1] (Doc. 35) On

---

[1] The Court construes this filing as Defendant's amended motion for compassionate release in accordance with its October 8, 2020 Order.

January 15, 2021, the Government filed its Response to Defendant's Motion for Compassionate Release. (Doc. 38) On January 29, 2021, Defendant filed his Reply to Government's Responses to Defendant's Motion for Compassionate Release. (Doc. 39) This Order follows.

**LEGAL STANDARD**

"In 2010, Congress enacted the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010), to reduce the disparate treatment of offenders who dealt crack cocaine compared to offenders who dealt powder cocaine." *United States v. Kelley*, 962 F.3d 470, 471-72 (9th Cir. 2020) (internal citation omitted). On December 21, 2018, "[e]ight years after the Fair Sentencing Act, Congress enacted the First Step Act to implement various criminal-justice reforms." *Id*. at 472. "The Act was the culmination of several years of congressional debate about what Congress might do to reduce the size of the federal prison population while also creating mechanisms to maintain public safety." Timothy A. Scott & Larry A. Burns, *Ninth Circuit Criminal Handbook* § 14.18[3] (2020). Prior to the passage of the Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release.

Section 603(b) of the First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted). The statute now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A).

A court's reduction of a sentence under 18 U.S.C. § 3582(c)(1)(A) is extraordinary and reserved for "compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." 28 C.F.R. § 571.60. The U.S. Court of Appeals for the Ninth Circuit has interpreted the First Step Act as "not permitting a plenary

resentencing hearing" but instead allowing a district court to engage in a limited counterfactual inquiry. *Kelley*, 962 F.3d at 475-76. Notwithstanding a court's limited counterfactual inquiry, the Act itself grants federal courts broad discretion in determining whether to grant compassionate release. First Step Act, § 404(c), 132 Stat. 5194, 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to his section."); *United States v. Parker*, 461 F. Supp. 3d 966, 974 (C.D. Cal. 2020) (internal quotation marks, alterations, and citation omitted) ("The FSA grants broad discretion to the district courts in providing relief.").

The United States Sentencing Commission has issued a Policy Statement that outlines the process through which a court may analyze a request for a sentencing reduction under the compassionate release statute. *See* U.S.S.G. 1B1.13. First, to the extent they are applicable, a court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Id.* Second, a court must find that either "extraordinary and compelling reasons" warrant a sentence reduction; or that the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c). *Id.* Third, regardless of which determination the court has made in step two, it must find that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* Fourth, the court must also find that the reduction in sentence is consistent with the Commission's Policy Statement on the statute. *Id.*

"When assessing whether a defendant remains a danger to the community, the Policy Statement . . . directs the court to consult the factors listed in 18 U.S.C. § 3142(g)[.]" *United States v. Schram*, 475 F. Supp. 3d 1168, 1171 (D. Or. July 31, 2020). Those factors include: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . , or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including--(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or

alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law[.]" 18 U.S.C. § 3142(g)(1)-(3).  It is the defendant's burden to prove that he would not pose a danger to the safety of the community if released.[2]

## ANALYSIS

Defendant is forty-four years old, suffers from cardiomyopathy, has a pacemaker and is overweight.  Defendant also has an extensive criminal history dating back to 1995.  Some of Defendant's prior convictions involve burglary, possession of a large amount of marijuana, multiple attempts at illegal re-entry, and numerous disciplinary infractions while incarcerated.  To date, Defendant has served under one-third (twenty-four months) of his seventy-seven-month sentence.  Defendant argues that he qualifies for a sentencing reduction and should be given credit for time served because while incarcerated he has been unable to take classes; he only speaks Spanish and all the classes are only offered in English; and he has certain medical conditions (i.e., cardiomyopathy and a pacemaker) which constitute an extraordinary and compelling reason for early release.

While the Court recognizes that Defendant's health condition may constitute an extraordinary and compelling reason to support compassionate release and it acknowledges that Defendant's limited language skills could comprise his ability to take classes while in prison, it also finds that he has failed to demonstrate that he would not pose a danger to the safety of the community if released.  In support of his contention to the contrary, Defendant states that his conduct while in prison has established that "the purposes of punishment have been met" and that he has worked as best he can in his correctional facility considering his significant health restrictions.  (Doc. 35 at 23)  In light of more prevalent factors in

---

[2] *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("As a general matter, principles as to the allocation of burden of proof rest on goals and access . . . If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."); *United States v. Gotti*, 433 F. Supp. 3d 613, 619 (S.D. N.Y. 2020) (finding that the defendant "has the burden of showing that 'extraordinary and compelling reasons' to reduce his sentence exist").

Defendant's criminal history, however, the Court finds Defendant's argument unpersuasive. It also finds that he remains a threat to the safety of the community if released.

In its brief opposing Defendant's motion for sentencing relief, the Government highlights the fact that Defendant's criminal history is lengthy and serious. (Doc. 38 at 2-3) The Government explains that it includes the armed robbery of a business, the attempted smuggling of eleven kilograms of marijuana with the presence of a firearm, a history of—at least—twenty-seven disciplinary infractions while in federal custody, and multiple convictions for attempts at illegal re-entry, including Defendant's most recent conviction in February 2019.[3] (Doc. 38 at 2-3) The Court also notes that Defendant's most recent conviction occurred while Defendant was on supervised released for a 2011 re-entry conviction.

The record established in this case is not the record upon which the Court should grant compassionate release regardless of Defendant's valid health concerns. The fact that the Court finds that Defendant poses a danger to the safety to the community if released, in combination with the fact that Defendant has failed to serve even half of his current sentence, are appropriate reasons to deny Defendant's request for sentencing relief. Accordingly, his motions for a sentence reduction under the First Step Act are DENIED.

---

[3] Defendant failed to refute the Government's recitation of his criminal history, adding only that "he will not return to the United States unless granted permission." (Doc. 39 at 2)

**IT IS ORDERED:**

1. Defendant's Motion for Relief Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 35), which is construed as an amended motion for compassionate release, is DENIED.

2. Defendant's Motion to Reduce Sentence or for Early Release – First Step Act (COVID-19) (Doc. 28) is DENIED AS MOOT.

3. This case remains closed.

Dated this 9th day of February, 2021.

_____
Honorable Cindy K. Jorgenson
United States District Judge